

KATHRYN T. LUNDY
Partner

Freeborn & Peters LLP
The Helmsley Building
230 Park Avenue, Suite 630
New York, NY 10169
(646) 993-4434 direct

May 11, 2020

**Via ECF and E-Mail**
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: **Lemanski v. SFM Realty Corp.**
    **SDNY Case. No.: 20-cv-02179 (KPF)**

Dear Judge Failla:

We respectfully submit this letter on behalf of Defendant SFM Realty Corp.[1] ("SFM") pursuant to Rule 2(C) of the Court's Individual Rules of Practice in opposition to Plaintiff Patricia Lemanski's ("Plaintiff") request that Early Rule 34 requests be deemed served on May 7, 2020. For the reasons set forth herein, and in its May 6, 2020 letter to the Court requesting a pre-motion conference to seek, *inter alia*, permission to file a motion to dismiss the Complaint in this action (*see* Dkt No. 16), Plaintiff's application should be denied.

As the Court is aware, on May 6, 2020 (the same day Plaintiff filed her letter request under Fed. R. Civ. P. 34), SFM filed its letter request seeking leave to file a motion to dismiss the complaint in this action pursuant to Fed. R. Civ. P. 12(b)(6) as well as requesting that the Court stay discovery in this action pending the outcome of its motion and adjourn the initial pretrial conference scheduled for May 28, 2020. Plaintiff's letter request fails to mention that the undersigned had previously advised Plaintiff's counsel of SFM's intention to so file and sought her consent to do so – which she refused on May 4, 2020.

As set forth in SFM's May 6, 2020 letter, given the strong bases to dismiss each of Plaintiff's three causes of action in the Complaint as a matter of law, discovery in this matter should be stayed as premature. Further, there exists no basis for expedited discovery (and Plaintiff fails to identify *any* need for same – let alone any prejudice she would suffer if the application is denied). SFM, however, would be prejudiced if expedited discovery were granted as it would likely be forced to engage in expensive motion practice regarding burdensome and irrelevant discovery demands on a Complaint that has no legitimate basis in law.[2] Nor should Plaintiff be entitled to obtain any

---

[1] This case is related to *SFM Realty Corp. v. Lemanski*, SDNY Case No. 20-CV-0209 (KPF) (the "Underlying Action").

[2] Plaintiff's lengthy discovery demands are objectionable and largely request information irrelevant to her Complaint. For example, Plaintiff seeks "all documents and communications dated after March 1, 2019 related to any litigation involving Alex Sapir and Rotem Rosen" (*see* Plaintiff's Rule 34 Request at No. 26); and "any list kept by SFM of trade secrets it purports to own, dated March 1, 2019 to the present" (*id.* at Request No. 23).



Hon. Katherine Polk Failla, U.S.D.J.
Page 2

discovery from SFM without alleging and serving a colorable claim; indeed it is apparent that Plaintiff desires to obtain information from SFM as quickly as possible –in advance of possible dismissal of this action.  SFM respectfully submits that expedited discovery is not appropriate in this matter.  If the action is not dismissed, Plaintiff will have sufficient opportunity to engage in discovery in the ordinary course of this action.

Accordingly, SFM respectfully requests Plaintiff's application be denied and the initial pretrial conference scheduled to proceed on May 28, 2020 be adjourned and discovery stayed pending the outcome of SFM's Motion to Dismiss.

Respectfully Submitted,

*/s/ Kathryn T. Lundy*

Kathryn T. Lundy

```
The Court is in receipt of Plaintiff's application regarding its Rule 34
discovery requests (Dkt. #15), and Defendant's response to that request (Dkt.
#21).  The Court is also in receipt of Defendant's letter seeking both leave
to file a motion to dismiss and a stay of discovery pending resolution of the
motion (Dkt. #16), and Plaintiff's response to that letter (Dkt. #20).
Having carefully considered the submissions and taken into account the
procedural history of this action, the Court believes that Defendant should
be permitted to proceed with its motion to dismiss.  And given that
Defendant's motion, if successful, would foreclose the need for any further
discovery, the Court further ORDERS that discovery should be stayed in this
action pending the resolution of Defendant's motion to dismiss.  Accordingly,
Plaintiff's application regarding its Rule 34 discovery requests is DENIED.
The Court ORDERS the parties to submit a proposed briefing schedule for
Defendant's motion on or before May 22, 2020.  Finally, the Court ADJOURNS
the initial pretrial conference in this matter sine die.
```

Dated:   May 12, 2020
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE